# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1184V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |
| KAREN ZEISLER, | * |
| Petitioner, | * Special Master Katherine E. Oler |
| v. | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * Filed: June 29, 2023 |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

*Alison Haskins*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner
*Sarah Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION ON JOINT STIPULATION[1]

On April 12, 2021, Karen Zeisler ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from transverse myelitis as a result of the influenza ("flu") vaccine she received September 23, 2019. *Id.* at 1, 4. *See* Stipulation ¶ 2, 4 dated June 29, 2023 (ECF No. 40); *see also* Pet. at 1.

Respondent denies "that the flu vaccine caused petitioner to develop transverse myelitis, or any other injury or condition, and denies that her current condition is a sequela of a vaccine-

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

related injury." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed June 29, 2023 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

**1. A Lump Sum**

A lump sum of $322,735.52, which amount represents compensation for first year life care expenses, lost earnings, pain and suffering, and past unreimburseable expenses, in the form of a check payable to petitioner; and

**2. An Annuity**

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract as described below:

Each Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. have one of the following ratings from two of the following rating organizations:
   a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of Karen Zeisler as described in paragraph 10 of the attached Stipulation. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

      I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

      **IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KAREN ZEISLER,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 21-1184V (ECF)<br>Special Master Oler |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"). 42 C.F.R. § 100.3(a)(14).

2. Petitioner received a flu vaccine on September 23, 2019.

3. This vaccine was administered within the United States.

4. Petitioner alleges that she suffered from transverse myelitis as a result of receiving the flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to develop transverse myelitis, or any other injury or condition, and denies that her current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $322,735.52, which amount represents compensation for first year life care expenses, lost earnings, pain and suffering, and past unreimbursable expenses, in the form of a check payable to petitioner;

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.   A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b.   Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Karen Zeisler, pursuant to which

the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following life care items available under 42 U.S.C. §300aa-15(a).

    a. For future unreimbursable Medicare Part B Premium, Medigap G, and Medicare Part D expenses, on the first anniversary of the date of judgment, a lump sum of $5,660.61. Thereafter, beginning on the second anniversary of the date of judgment, an annual amount of $3,681.81 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    b. For future unreimbursable Medicare Part B Deductible expenses, beginning on the first anniversary of the date of judgment, an annual amount of $226.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    c. For future unreimbursable Case Management expenses, on the first anniversary of the date of judgment, a lump sum of $2,580.00. Thereafter, beginning on the second anniversary of the date of judgment, an annual amount of $1,290.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    d. For future unreimbursable Vitamin B12, Vitamin D3, Docusate Sodium, Neurology Mileage, Physiatry Mileage, Urology Mileage, Lymphedema Clinic Mileage, and Counseling Mileage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $230.66 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    e. For future unreimbursable Air Flow Mattress, Manual Wheelchair, Transfer Bench, Bedside Commode, Lift Chair, Walker, and Adaptive Device expenses, on the first anniversary of the date of judgment, a lump sum of $399.85. Thereafter, beginning on the second anniversary of the date of judgment, an annual amount of $333.18 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    f. For future unreimbursable Medical Alert, Adult Incontinence Diaper, Glove, Disposable Incontinence Pad, Washable Incontinence Pad, and Wipe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,758.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    g. For future unreimbursable Personal Care Attendant expenses, beginning on the first anniversary of the date of judgment, an annual amount of $71,175.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

   h. For future unreimbursable Vehicle Modification and Vehicle Modification Maintenance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,800.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Karen Zeisler, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Karen Zeisler's death.

   11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

   12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding

4

upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting

from, or alleged to have resulted from, the flu vaccination administered on September 23, 2019, as alleged by petitioner in a petition for vaccine compensation filed on or about April 12, 2021, in the United States Court of Federal Claims as petition No. 21-1184V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged transverse myelitis or any other injury or her current condition.

7

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*Karen Zeisler*
F436178A3D8C419...
KAREN ZEISLER

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| *[signature] for* | *[signature]* |
| ALISON H. HASKINS, ESQ. | HEATHER L. PEARLMAN |
| Maglio Christopher & Toale, PA | Deputy Director |
| 1605 Main Street, Suite 710 | Torts Branch |
| Sarasota, FL 34236 | Civil Division |
| Tel: (888) 952-5042 | U.S. Department of Justice |
| Email: ahaskins@mctlaw.com | P.O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |

| | |
|---|---|
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| George R. Grimes -S14  *Digitally signed by George R. Grimes -S14  Date: 2023.05.22 15:56:37 -04'00'* | *[signature]* |
| CDR GEORGE REED GRIMES, MD, MPH | SARAH B. RIFKIN |
| Director, Division of Injury Compensation Programs | Trial Attorney |
| Health Systems Bureau | Torts Branch |
| Health Resources and Services Administration | Civil Division |
| U.S. Department of Health and Human Services | U.S. Department of Justice |
| 5600 Fishers Lane, 08N146B | P.O. Box 146 |
| Rockville, MD 20857 | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| | Tel: (202) 305-5997 |
| | Email: sarah.rifkin@usdoj.gov |

Dated: 6/29/2023

8