**CORRECTED**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 22, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KAREN ZEISLER, | * | |
| | * | |
| Petitioner, | * | No. 21-1184V |
| | * | Special Master Oler |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Danielle Anne Strait,* Maglio Christopher & Toale, Seattle, WA, for Petitioner.
*Sarah Black Rifkin,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 12, 2021, Karen Zeisler ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. at 1, ECF No. 1. Petitioner alleges she suffered from transverse myelitis as a result of the influenza ("flu") vaccine she received September 23, 2019. *Id.* at 1, 4. On June 29, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on that same day. (ECF No. 41).

On September 7, 2023, Petitioner filed an application for final attorneys' fees and costs.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

("Fees App."). (ECF No. 46). Petitioner requests total attorneys' fees and costs in the amount of $173,501.71, representing $149,263.20 in attorneys' fees and $24,238.51 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that she personally has not incurred any costs related to the prosecution of her petition. Ex. 38 at 1. Respondent responded to the motion on September 26, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. (ECF No. 47). Petitioner filed her reply that same day, requesting the requested fees and costs be awarded in full. (ECF No. 48).

This matter is now ripe for consideration.

I.     **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.  **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for their attorneys at mctlaw: for Ms. Alison Haskins: $414.00 per hour for work performed in 2020, $440.00 per hour for work performed in 2021, $460.00 per hour for work performed in 2022, and $492.00 per hour for work performed in 2023; for Mr. Altom Maglio: $420.00 per hour for work performed in 2020, and $445.00 per hour for work performed in 2021; and for Ms. Diana Stadelnikas: $415.00 per hour for work performed in 2019, and $525.00 per hour for work performed in 2023. Ex. 36 at 63. These rates are consistent with what counsel have previously been awarded for their Vaccine Program

work and the undersigned finds them to be reasonable herein. The undersigned shall also award the requested paralegal time at the provided rates.[3]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $149,263.20.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $24.238.51 in attorneys' costs. This amount is comprised of DocuSign fees, acquiring medical records, postage, and the Court's filing fee. Ex. 37 at 1-3. This amount also includes economic services performed by LitCon Group, LLC at $335.00 per hour for 35.5 hours, and $265.00 per hour for 2 hours, totaling $12,422.50, as well as life care planner services performed

---

[3] The rates for the 20 paralegals who worked on this matter are also consistent with what has been previously awarded and in accordance with the Office of Special Masters' fee schedule. Amy Semanie billed $145.00 in 2020, $155.00 in 2021, and $160.00 in 2022. Audrey Harper billed $165.00 in 2021, and $170.00 in 2022. Chelsea Harris billed $165.00 in 2021, and $170.00 in 2022. Danielle Matthews billed $154.00 in 2019, and $160.00 in 2020. Dashea King billed $145.00 in 2020, and $155.00 in 2021. Elena Siamas billed $170.00 in 2022, and $180.00 in 2023. Elyssa Estrella billed $160.00 in 2021 and $165.00 in 2022. Jennifer Gutierrez billed $160.00 in 2022. Kendall Wallin billed $165.00 in 2021. Kimberly Dutra billed $154.00 in 2019, $160.00 in 2020, $165.00 in 2021, and $170.00 in 2022. Kristin Harding billed $160.00 in 2022. Lindsay Wilkinson billed $160.00 in 2021, and in 2022. Mackenzie Riordan billed $160.00 in 2021, and in 2022. Makia Walker billed $165.00 in 2021. Mandy Houston billed $145.00 in 2020. Melissa Sealy billed $154.00 in 2019, and $160.00 in 2020. Tammie Adeyanju billed $165.00 in 2021, and $170.00 in 2022. Tara Thorn billed $160.00 in 2020, and $165.00 in 2021. Theresa LaCroix billed $165.00 in 2021. Vincent Antinori billed $170.00 in 2022, and $180.00 in 2023. Ex. 36 at 63-64.

by Ms. Lynne Trautwein at $175.00 per hour for 46.9 hours, totaling $8,207.50, plus travel expenses for the joint life care plan visit in the amount of $962.28. *Id*. at 84, 103-104, 110. While all these costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation to support them, the undersigned finds that the final award of costs attributable to Ms. Trautwein's work must be reduced.

First, Ms. Trautwein billed her full hourly rate for travel without any indication that work was being performed while traveling. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half of the hourly rate. *See Williams v. Sec'y of Health & Human Servs.*, No. 16-24V, 2020 WL 3619504, at *2 (Fed. Cl. Spec. Mstr. Jun. 23, 2020); *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99–533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. Jul. 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01–61V, 2006 WL 3419805, at *12–13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). The billing records indicate that Ms. Trautwein billed 19 hours for travel. Ex. 37 at 103-104. Accordingly, $1,662.50 is reduced from the final award of costs. Additionally, the billing entries indicate that Ms. Trautwein typically billed at least 12 minutes for all communications such as sending emails and making phone calls. Upon review, this has led to an overall issue of excessive hours billed, as it is unlikely that most of Ms. Trautwein's emails took at least 12 minutes to draft. An appropriate reduction for this overbilling is $500.00.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of $22,076.01.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $149,263.20 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$149,263.20** |
| | |
| Attorneys' Costs Requested | $24,238.51 |
| (Reduction to Costs) | ($2,162.50) |
| **Total Attorneys' Costs Awarded** | **$22,076.01** |
| | |
| **Total Amount Awarded** | **$171,339.21** |

**Accordingly, the undersigned awards a lump sum in the amount of $171,339.21 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, mctlaw, and requests the check be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).